Van Voorhis, J. (dissenting).
Although feeling constrained to affirm this compensation award, the .Appellate Division said: “ Medical testimony against causal relationship seems overwhelming in this record, but the bare .legal sufficiency of other medical opinion prevents our interference.” Well might the Appellate Division say that the testimony against the award is overwhelming, since both the claimant’s attending ophthalmologist and the impartial specialist examining for the Workmen’s Compensation Board testified that the condition of his eye was not due to the alleged industrial accident. This man had experienced a long history of serious eye trouble antedating June 9, 1956, when he testified that he got some detergent in his eye from dishwashing. The expert opinion evidence for the claimant is mere speculation without adequate foundation in the record.
In my view, the Appellate Division adopted too narrow a view of what constitutes substantial evidence which is necessary in order to sustain an award. What is required is considerably more than merely some evidence, nor can the courts escape the responsibility in workmen’s compensation as in other cases of determining whether opinion evidence is merely guesswork or has a substantial basis in the facts in evidence (Matter of Burris v. Lewis, 2 N Y 2d 323; Matter of Riehl v. Town of Amherst, 308 N. Y. 212; Matter of Kopec v. Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 304 N. Y. 65; Matter of Hayes *919 v. Stroock & Co., 283 App. Div. 578). Otherwise litigants in eases such as this will be at the mercy of hired expert witnesses, venturing to give favorable opinions unsupported by evidentiary facts, even where, as here, the attending physician and the specialist called by the Workmen’s Compensation Board decline to support the claim.
The order appealed from should be reversed and the claim dismissed.
Order affirmed.